(43 App. Div. 528.)

In re THURBER'S ESTATE.

AMERICAN SURETY CO. OF NEW YORK v. THURBER.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

SURETY ON BONDS—RELIEF FROM LIABILITY—SURETY COMPANIES—CONTRACT.
A surety company, which, for a valuable consideration, becomes a surety on the official bond of a committee for an insane person, is not, in the absence of malfeasance of the committee, or breach of the contract under which it became a surety, entitled to be relieved as surety before the expiration of the term for which it contracted to act as such, under Code Civ. Proc. § 812, which provides that sureties on the bond of a committee may, on petitioning, be relieved from liability on the committee's bond for acts done by the latter after the order discharging them as sureties.

Appeal from special term, Suffolk county.

Application of the American Surety Company of New York in the matter of the estate of Edmund G. Thurber, an incompetent, to be relieved as surety on the bond of Fannie C. Thurber, the committee for said incompetent's estate. From an order denying the application, the company appealed. Affirmed.

Argued before CULLEN, BARTLETT, HATCH, and WOOD-WARD, JJ.

Jesse Johnson (Henry C. Willcox, on the brief), for appellant.

Raymond C. Haff, for respondent.

PER CURIAM. The contract entered into by and between Fannie C. Thurber and the surety company was not a contract of suretyship, and is not, therefore, subject to the strict rules of interpretation which apply to such contracts. It was a contract for a specified period of time, and was founded upon a valuable consideration. The contract of suretyship under which the surety company became liable to the estate of which Fannie C. Thurber was the committee was an entirely different contract, and one with which we are not now called upon to deal, as the liabilities assumed thereunder are not denied. Consequently this contract is to be interpreted as one made between the parties thereto, without its being at all affected by the terms or construction of the contract of suretyship. By the terms of the contract between the parties to this proceeding the surety company undertook to furnish security for the committee of the estate. Under ordinary rules of interpretation, therefore, such contract must be fulfilled according to its terms, and be interpreted according to its fair import. Usually such a contract would not permit one of the parties thereto to withdraw from his engagement, unless such right had been expressly reserved therein; and, as such a provision would have the effect of making a contract binding upon only one of the parties thereto, its terms in this regard should be clear and unequivocal, and admit of no other construction. The moving papers do not show any dereliction or fault upon the part of the committee of the estate, and it is not therein averred that she has been guilty of any breach of her obligation as such committee, or that the surety company has suffered, or is liable to suffer, any damage by reason of any acts or omission of the committee. Consequently we are to consider this case as one where there has been neither a breach, nor an attempt to commit a breach, of the contract, nor any threat so to do. It is therefore evident that this motion should not be granted, and the order refusing to grant it should be affirmed, unless the court is compelled by some ironclad rule of law to grant the same. The claim of the appellant is that by the terms of its contract, and by the provisions of section 812 of the Code of Civil Procedure, it is entitled as a question of law to be discharged from future liability on account of its contract. No case has ever arisen, so far as we are able to find, in which the question now raised by the surety company has been passed upon, and this application seems to be a pioneer in this branch of the law. It is fair to assume that, when acts were first passed authorizing the release of sureties upon their application, it was in view of the fact that such sureties were for the most part so engaged without consideration, and as mere gratuities. Under such circumstances there was a strong equity existing in their behalf, which made the provision for their relief entirely proper. These laws, in substance, now find place in the Code

of Civil Procedure, reference to which has already been made. By the terms of section 811 of the Code, and also by chapter 720 of the Laws of 1893, persons required to give bonds under the provisions of any law are authorized to give the bond or undertaking of any fidelity or surety company authorized by laws of the state to transact business. Affidavits of responsibility in such case are dispensed with, although the right is reserved to compel justification. Sections 811, 812, Code Civ. Proc. By the provisions of the latter section "the surety or sureties or the representatives of any surety or sureties upon the bond," etc., may be discharged upon complying with its provisions. The only mention of a fidelity or surety company in terms in this section is found in the beginning thereof, and relates to the form of the bond of surety when so given. If the right is reserved to it to be discharged from liability, it must be found in the general words "surety or sureties." These words are apt in embracing the former class of persons who were sureties without consideration. Of course, they are broad enough in their terms to embrace a surety company, but wherever the provision in the sections of the Code refers to such company it is named in terms, and we think, before it can invoke an authority so extraordinary as to relieve it from a contract founded upon a valuable consideration, and of which there has been no breach or claim of breach, that it should be required to point to specific words showing that it was the intent of the legislature to embrace such case. The construction of this statute will be satisfied, giving full force to all its words, by holding that the surety company, not having been named in specific terms therein, was not intended to be embraced, and this section of the Code may not, therefore, be invoked as an authority for the release which it seeks. If this construction of the section be proper, it follows that the ninth clause of the agreement in no wise applies so far as to relieve the surety company from liability thereunder. We think that where the surety company engages for a consideration to become a surety, it ought not to be relieved from such contract except there be a breach of the same by the person with whom it contracts, and that section 812 of the Code of Civil Procedure was not intended to apply to such a case. These views lead to the conclusion that the order should be affirmed.

Order affirmed, with $10 costs and disbursements.